William D. Hyslop
United States Attorney
Tyler H.L. Tornabene
Daniel Hugo Fruchter
Assistant United States Attorneys
P.O. Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767
Fax: (509) 835-6397

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. UPPI, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARDINAL HEALTH, INC.; CARDINAL HEALTH 414, LLC d/b/a CARDINAL HEALTH NUCLEAR PHARMACY SERVICES; CARDINAL HEALTH 200, LLC, D'S VENTURE LLC d/b/a LOGMET SOLUTIONS, LLC; CARING HANDS HEALTH EQUIPMENT & SUPPLIES, LLC; OTHER UNNAMED SMALL BUSINESS FRONT COMPANIES, OBIE B. BACON, and DEMAURICE SCOTT, and UNNAMED INDIVIDUALS (DOES), <br><br> Defendants. | Case No. 2:17-cv-378-RMP <br><br> STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA IN RESPONSE TO DEFENDANT CARING HANDS' MOTION TO DISMISS OR FOR JOINDER OF THE UNITED STATES |

The United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Dan Fruchter and Tyler

United States' Statement of Interest - 1

H.L. Tornabene, Assistant United States Attorneys for that district, respectfully submits this Statement of Interest in accordance with 28 U.S.C. § 517, to address certain arguments raised by Defendants Caring Hands Health Equipment & Supplies, LLC and its owner Obie Bacon (collectively "Caring Hands") in Caring Hands' motion to dismiss the Amended Complaint or to transfer venue. Although the United States has declined to intervene in this case (*see* ECF No. 30), the United States is the real party in interest in cases, like this one, brought pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 934 (2009); *U.S. ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994). Because the False Claims Act is the United States' "primary litigative tool for combatting fraud against the federal government," *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 745 (9th Cir. 1993), the United States has a significant interest in how decisions by the courts, including in declined actions, may shape future enforcement under the False Claims Act. Moreover, Caring Hands' demand that the United States Department of Veterans Affairs (VA) be joined as a defendant in this action directly impacts the interests of the United States.

For the reasons set forth in Relator UPPI's consolidated response in opposition to Defendants' motions to dismiss the Relator's Amended Complaint (ECF No. 66), it does not appear that dismissal of the Relator's Amended Complaint is appropriate at this stage. Relator's Amended Complaint adequately pleads violation of the False Claims Act with the requisite particularity pursuant to Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 12(b)(6). The United States takes no position with regard to Defendant Caring Hands' request to, in the alternative, transfer this action to a more convenient forum. The United States agrees with Relator that the appropriate legal framework for such a transfer is set forth pursuant to 28 U.SC. § 1404(a). Based on Relator's Amended Complaint, it does not appear that the alleged conduct took place in the Eastern District of Washington, nor is the United States

United States' Statement of Interest - 2

specifically aware of likely witnesses that reside in the district; however, because Defendants do not identify a particular district to which they are requesting transfer, it is difficult to evaluate the suitability of a transfer request, particularly given that it appears, based on the Amended Complaint, that witnesses and relevant conduct will be spread throughout the country regardless of the venue.

The United States submits this Statement of Interest to specifically address Caring Hands' argument that the VA must be joined to this action as a defendant or, in the alternative, the action should be dismissed. ECF No. 58-1, pp. 24-26. For the reasons set forth herein, neither joinder nor dismissal pursuant to Fed. R. Civ. P. 12(b)(7) is appropriate, because the VA is not a proper defendant in this action.

## The False Claims Act

The False Claims Act provides for the recovery of treble damages and civil penalties from any person who, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval," or who "knowingly makes, uses, or causes to be made or used, a false record or statement" material to payment of a false claim. 31 U.S.C. § 3729(a)(1)(A) and (a)(1)(B). Such persons are "*liable to the United States Government*" for three times the amount of damages sustained by the United States, plus penalties for each violation. 31 U.S.C. § 3729(a) (emphasis supplied).

The Attorney General is authorized to bring an action for violations of the False Claims Act. 31 U.S.C. § 3730(a). In addition, the False Claims Act authorizes private individuals, known as relators, to bring a qui tam action on their own behalf and "for the United States Government." 31 U.S.C. § 3730(b)(1). Where, as here, a private person brings such an action, the United States is required to investigate the allegations and decide whether it wants to intervene and assume primary responsibility for prosecution of the action. Alternatively, as happened here, the United States may decline to join the suit, and the relator may then proceed independently, though the United States at all times remains the real party in interest

United States' Statement of Interest - 3

to the suit, and may later intervene in the action upon good cause shown. 31 U.S.C. § 3730(c)(3). The United States and VA therefore already have an important role in this case – as in every *qui tam* case - as the real party in interest and the entity to which the claim ultimately belongs.

<u>VA Cannot Be Joined as a Defendant</u>

Accordingly, a False Claims Act case, though it can be brought by a private citizen through the statute's *qui tam* provisions, is a lawsuit by (or on behalf of) the United States to address an injury to the United States. See 31 U.S.C. § 3729(a). The United States is the real party in interest in these suits at all stages of litigation, regardless of whether the suit is initiated and executed by the United States or by a *qui tam* relator. *United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Center*, 961 F.2d 46, 48-9 (4th Cir. 1992) (United States is always a real party in interest in a qui tam action, even after it declines to join the suit); *United States v. Rockwell Int'l Corp.*, 730 F. Supp. 1031, 1035 (D. Colo. 1990) (the United States is the real party in interest in a qui tam action). Joining VA as a Defendant, as Caring Hands urges, would therefore make this action one brought by the United States against the United States.

VA is therefore not a proper defendant because a suit by the United States against itself (or one of its agencies) is both not a justiciable case or controversy, and because such a suit would be outside the scope of the False Claims Act. *Juliano v. Federal Asset Disposition Assoc.*, 736 F. Supp. 348, 351-353 (D.D.C. 1990), aff'd without opinion, 959 F.2d 1101 (D.C. Cir. 1992) (*qui tam* suit against the United States not a justiciable case or controversy, and outside the scope of the False Claims Act, noting that when a *qui tam* relator sues an element of the federal government, "plaintiff and defendant are one."); *see also Pentagen Technologies Intern. Ltd. v. United States*, 103 F. Supp. 2d 232, 236 (S.D.N.Y. 2000) (qui tam against United States and Air Force officer dismissed based on sovereign immunity and because the False Claims Act does not contemplate the United States, or its officers or agencies,

United States' Statement of Interest - 4

as defendants.). Indeed, courts have consistently held that neither federal agencies nor government employees acting in their official capacities are proper defendants in False Claims Act actions. *See, e.g., Turner v. Dep't of Educ.*, 2015 WL 4757055, *2, No. 15-CV-424 -BEN (C.D. Cal. Aug. 10, 2015); *Joseph v. Shinseki*, 2011 U.S. Dist. LEXIS 82109, *3-4, Case No. C10-01917-MJP, (W.D. Wash. July 26, 2011) (dismissing *qui tam* action against VA and its employees because it does not set forth a case or controversy and is barred by sovereign immunity); *Taxpayers of the U.S. v. Bush*, 2004 WL 3030076, *5 (C.D. Cal. Dec.30, 2004) (finding FCA contains no waiver of sovereign immunity); *see also Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir.2003) (finding suits against federal agencies are suits against the United States and the United States is immune absent waiver of sovereign immunity).

<u>While the Knowledge of the VA and Its Employees May Be Relevant to Defendant's Scienter, the Court Can Afford Complete Relief Among Existing Parties</u>

Even if it were possible to join VA as a party, it would not be appropriate, because Relator's complaint alleges fraud *against the VA* and its personnel by Defendants through false claims and false statements, not that the VA committed fraud or participated in the submission of false claims. *See, e.g.*, ECF No. 36 at ¶¶ 1, 98-105, 116-118, 158, 161-164. Indeed, the Amended Complaint explicitly alleges:

> the Government's contracting officers were deceived by Defendants. In some instances, certain Government officials—including pharmacists or contracting officers—may have known that Cardinal was playing a role in the performance of the contracts. The extent of such knowledge is not known. But any such knowledge does not negate Defendants' scienter.

ECF No. 36, ¶ 158. Nothing in the Amended Complaint identifies VA, or any particular VA employees, as "co-conspirators" as Caring Hands suggests. ECF No. 58-1, p. 25. At most, Relator's Amended Complaint suggests that there may have been individual VA employees who knew about some of the alleged conduct, and includes a placeholder that, if discovery reveals that an individual VA employee

United States' Statement of Interest - 5

knew of the fraud, and knowingly participated in it, Relator might seek to amend its complaint to name such an individual or to argue that such an individual's conduct does not provide Defendants with a defense or excuse their conduct. ECF No. 36, ¶¶ 20, 55, 160. Even if discovery were to show an individual government employee knowingly participated in the scheme, however, a government employee's participation in a fraudulent scheme no more makes that government employee a necessary defendant than it excuses the defendant's conduct. *S. Union Co. v. Sw. Gas Corp.*, 165 F. Supp. 2d 1010, 1035 (D. Ariz. 2001) ("it is well-established that co -conspirators are not indispensable parties under Rule 19(a)"); *see also Grumman Systems Support Corp. v. Data General Corp.*, 125 F.R.D. 160, 165 (N.D. Cal. 1988). Indeed, it is the defendant's state of mind that is relevant to liability under the False Claims Act, and while the government's knowledge of the falsity of a particular statement or claim may be relevant to a defendant's knowledge or to the materiality of the defendant's conduct, it is not itself a defense. *United States ex rel. Hagood v. Sonoma County Water Agency*, 929 F.2d 1416 (9th Cir. 1991). Moreover, because it is inherently fact-specific, government knowledge is particularly ill-suited for addressing at the motion to dismiss stage. *See, e.g., United States ex rel. Berg v. Honeywell International, Inc.*, 580 F. App'x 559 (9th Cir. 2014). The knowledge and conduct of government agencies and employees may, of course, be relevant and discoverable as it relates to the liability of Caring Hands and the other defendants, but that no more necessitates joining the government as a party in this action than it does in the hundreds of *qui tam* cases filed nationwide, most if not all of which involve the knowledge and conduct of the United States and its agencies. Defendants do not identify a single False Claims Act case in which the court has ordered the joinder of a federal agency or employee, or dismissed an action for failing to do so.

//

//

United States' Statement of Interest - 6

Conclusion

Accordingly, while the knowledge and conduct of the VA and its employees may be relevant and discoverable in this action, the appropriate role of the United States and the VA is as it is in every *qui tam* case – the real party in interest, and not as a joined defendant.  Moreover, because joinder of the VA as a defendant is neither necessary nor appropriate, there is no basis for dismissal pursuant to Fed. R. Civ. P. 19(b) or 12(b)(7).

RESPECTFULLY SUBMITTED February 22, 2021.

William D. Hyslop
United States Attorney


*/s/ Daniel Fruchter*
Daniel Hugo Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
P.O. Box 1494
Spokane, WA  99210-1494
Telephone:  (509) 353-2767
Fax:  (509) 835-6397
daniel.fruchter@usdoj.gov

*Counsel for United States of America*

United States' Statement of Interest - 7

## *CERTIFICATE OF SERVICE*

I hereby certify that on February 22, 2021, I caused the foregoing Notice of Appearance to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Daniel Fruchter*
Daniel Fruchter
Assistant United States Attorney

*Attorney for United States of America*

United States' Statement of Interest - 8